UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

VICTOR GOMEZ,

                                        Plaintiff,

    -against-

THE CITY OF NEW YORK; WILLIAM HUANG;
CLEVE PATRICK; and JOHN and JANE DOE 1
through 10, individually and in their official capacities
(the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                                        Defendants.

----------------------------------------------------------------------X

*__COMPLAINT AND__*
*__JURY DEMAND__*

ECF CASE

Docket No.
16-CV-6185

    Plaintiff Victor Gomez, by his attorney Cary London, Esq. of London Indusi, LLP, for his

complaint against the above Defendants alleges as follows:

## PRELIMINARY STATEMENT

    1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and

42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth

Amendments, in addition to violations of the Laws of the State of New York.

    2. The claim arises from a May 4, 2016 incident in which defendants, acting under color of

state law, unlawfully detained and arrested Mr. Gomez for no valid reason. As a result of this

unlawful detainment and arrest, Mr. Gomez was deprived of liberty for approximately 24 hours.

Mr. Gomez's case was immediately dismissed and sealed on May 5, 2016.

    3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as

well as an award of costs and attorneys' fees, and such other and further relief as the Court deems

just and proper.

## JURISDICTION

1

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendant jurisdiction.

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff Victor Gomez ("Mr. Foust") resided at all times in Kings County, in the City and State of New York.

8. The Defendant City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.

9. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives and supervisory officers as well as the individually named Defendants herein.

10. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

11. Defendant William Huang ("Huang") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee

2

of the City of New York. Defendant Huang was, at the time relevant herein, a Police Officer under Shield # 12359 in the 84th Precinct. Defendant Huang is sued in his individual capacity.

12. Defendant Cleve Patrick ("Patrick") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Patrick was, at the time relevant herein, a Police Officer under Shield # 15605 in the 84th Precinct. Defendant Patrick is sued in his individual capacity.

13. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

14. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

15. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

16. Within 90 days of the events rising to these claims, Plaintiff filed written notices of claim with the New York City Office of the Comptroller.

17. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

18. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

**FACTUAL CHARGES**

3

19. On May 4, 2016, at approximately 2:00 p.m., after school, Mr. Gomez entered the park located at 360 Schemerhorn Street in Brooklyn, New York.

20. Soon upon entering, defendant Huang told Mr. Gomez to leave the park.

21. Mr. Gomez obeyed defendant Huang's orders.

22. Thereafter, defendant Huang and an unidentified defendant officer grabbed Mr. Gomez's arms and tackled him to the ground and onto the pavement.

23. As a result of the tackle, Mr. Gomez's earring was ripped out of his ear, causing his ear to begin bleeding.

24. Defendant Huang then proceeded to forcefully place his knee on Mr. Gomez's genitals, bearing his full weight thereon, and causing significant pain therein.

25. While on the ground, two more unidentified female defendants appeared with their batons drawn.

26. At no point did the Defendants observe Mr. Gomez commit any crime or offense.

27. Defendants, including Defendant Patrick and Huang, proceeded to search Mr. Gomez without his permission or authority.

28. No contraband or anything of illegality was found on Mr. Gomez.

29. Defendants, including Defendant Patrick and Huang, unlawfully handcuffed Mr. Gomez

30. Upon information and belief, Defendant Patrick was present during the unlawful arrest.

31. Upon information and belief, Defendant Patrick prepared false paperwork relating to Mr. Gomez's case.

32. The Defendants, including Defendant Patrick and Huang, had no probable cause or reasonable suspicion to arrest Mr. Gomez.

4

33. Mr. Gomez did not resist arrest.

34. Defendants transported Mr. Gomez to the precinct.

35. Mr. Gomez inquired as to why he was being arrested.

36. Defendants refused to tell Mr. Gomez why he was being arrested.

37. Defendants brought Mr. Gomez into the 84th Precinct.

38. Eventually, Mr. Gomez was transported to central bookings in Brooklyn.

39. While Plaintiff was in central booking, Defendants, including Defendant Patrick and Huang, acting with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for Obstructing Governmental Administration, and other related charges.

40. Plaintiff Gomez spent approximately 24 hours unlawfully detained in police custody.

41. At arraignments, Mr. Gomez was released and his case was immediately dismissed and sealed.

42. During all of the events described, the individual Defendants Huang and Patrick acted maliciously and with intent to injure Plaintiff.

43. At all times relevant hereto, Defendants Patrick and Huang were involved in the decision to arrest Plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Plaintiff without probable cause.

44. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages: a violation of his rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, violation of New York State law, physical injury, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

## FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

45. The above paragraphs are here incorporated by reference as though fully set forth.

46. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

47. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION
False Arrest Under
42 U.S.C. § 1983 Against Individual Defendants

48. The above paragraphs are here incorporated by reference as though fully set forth.

49. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

50. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

51. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

52. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law Against All Defendants

53. The above paragraphs are here incorporated by reference as though fully set forth.

54. Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of

6

liberty without probable cause.

55. Plaintiff was conscious of his confinement.

56. Plaintiff did not consent to his confinement.

57. Plaintiff's arrest and false imprisonment was not otherwise privileged.

58. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

59. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FOURTH CAUSE OF ACTION**
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

60. The above paragraphs are here incorporated by reference as though fully set forth.

61. By their conduct, as described herein, Defendants are liable to Plaintiff for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

62. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

63. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

64. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Malicious Prosecution Under
New York State Law Against All Defendants

65. The above paragraphs are here incorporated by reference as though fully set forth.

66. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

67. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

68. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

69. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

70. The above paragraphs are here incorporated by reference as though fully set forth.

71. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

72. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

73. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SEVENTH CAUSE OF ACTION**
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

74. The above paragraphs are here incorporated by reference as though fully set forth.

75. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging Mr. Faust committed unlawful acts.

76. The individual Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

77. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

78. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**EIGHTH CAUSE OF ACTION**
Negligent Hiring/Training/Retention Under
New York State Law Against City of New York

79. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

80. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

81. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

82. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

9

83. Upon information and belief, Defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

84. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CAUSE OF ACTION
Intentional Infliction of Emotional Distress Under
New York State Law Against All Defendants

85. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

86. By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

87. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

88. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

89. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TENTH CAUSE OF ACTION
Negligent Infliction of Emotional Distress Under
New York State Law Against All Defendants

90. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

91. By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

10

92. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

93. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

94. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### ELEVENTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983

95. The above paragraphs are here incorporated by reference as though fully set forth.

96. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on the plaintiff without consent.

97. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### TWELTH CAUSE OF ACTION
Assault and Battery Under
New York State Law

98. The above paragraphs are here incorporated by reference as though fully set forth.

99. The individual defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

100. The individual defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

101. The individual Defendants used excessive and unnecessary force with plaintiff.

11

102. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

103. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)   In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)   Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)   Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d)   Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e)   Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: November 7, 2016
       Brooklyn New York

Respectfully submitted,

_____/s/ Cary London, Esq._____
*Cary London, Esq.*
Bar Number: CL2947
Attorney for Mr. Gomez
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Cary@LondonIndusi.com