

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

HANNAH V. FADDIS
*Senior Counsel*
phone: (212) 356-2486
fax: (212) 356-1148
hfaddis@law.nyc.gov

February 2, 2018

**VIA ECF**
Honorable Allyne R. Ross
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: <u>Victor Gomez v. City of New York, et al.</u>
     16 Civ. 6185 (ARR) (RLM)

Your Honor:

  I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, assigned to represent defendants City of New York, Huang and Patrick in this matter. Defendants write to inform the Court of the basis for their anticipated motion for summary judgment and to a pre-motion conference or, in the alternative, a briefing schedule.

  Plaintiff's complaint alleged claims for federal and state law claims for false arrest, malicious prosecution, excessive force, denial of the right to a fair trial, failure to intervene, assault and battery, intentional infliction of emotional distress (IIED), and negligent infliction of emotional distress (NIED) and negligent hiring, etc., arising out of a May 4, 2016, arrest inside of a park located at 360 Schermerhorn Street in Brooklyn.

  Plaintiff has agreed to withdraw his claims for malicious prosecution, IIED, NIED, and negligent hiring/training. Defendants intend to move for summary judgment dismissing the (a) false arrest and excessive force claims on the grounds of qualified immunity; (b) fair trial claim because plaintiff did not suffer a post-arraignment deprivation of liberty; and (c) failure to intervene because it is alleged that both individual defendants participated in the underlying constitutional violations. This motion is intended to narrow the scope of the issues in this case should this case proceed to trial.

  A. <u>False Arrest and Excessive Force</u>

  There was at least arguable probable cause for plaintiff's arrest and the force used to effect it was objectively reasonable, and the defendants are entitled to qualified immunity. Arguable probable cause exists for an arrest where officers of reasonable competence could, at the very least, disagree as to whether probable cause existed. <u>Carthew v. County of Suffolk</u>, 709 F. Supp. 2d 188, 203 (E.D.N.Y. 2010); <u>see also</u>, <u>Lennon v. Miller</u>, 66 F.3d 416, 420 (2d Cir.

1995); Anderson v. Creighton, 483 U.S. 635, 641, (1987)).  Arguable probable cause existed, even accepting plaintiff's assertions that he was attempting to comply with Sgt. Huang's direction to leave the park, and that his comments about the police and their lack of authority were to a friend on the phone.  Plaintiff admits that after making these comments, he heard and ignored Sgt. Huang's request for his identification.  Defendants could reasonably, even if mistakenly, have believed that plaintiff's comments were directed at the officers and crowd, that he was trying to cause a disturbance and interrupt their efforts to disperse the crowd, and that he was not complying with their orders.  The force described by plaintiff is consistent with the officers attempting to restrain plaintiff to handcuff him, and taking him to the ground to do so when he resisted.  See, e.g., Neal v. Wilson, No. 15 Civ. 2822, 2017 WL 4129635, at *7 (S.D.N.Y. Sept. 15, 2017).

    B.  Fair Trial

"A plaintiff establishes a constitutional violation for the denial of his right to a fair trial based on the fabrication of evidence if he proves that an (1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result." Roberts v. City of New York, No. 16-cv-5409 (BMC), 2017 U.S. Dist. LEXIS 160979, at *26 (E.D.N.Y. Sep. 29, 2017) (citing Jovanovic v. City of New York, 486 F. App'x 149, 152 (2d Cir. 2012).  In order to sustain a claim for denial of the right to a fair trial, a plaintiff must establish a causal link between falsified information forwarded to a prosecutor and a post-arraignment deprivation of liberty.  See Folk v. City of New York, No. 15-cv-5810 (WFK) (CLP), 243 F. Supp. 3d 363, 375 (E.D.N.Y. 2017) (dismissing fair trial claim where plaintiff failed to plead post-arraignment deprivation of liberty) (citing Morse v. Spitzer, 07-CV-4793 (CBA) (RML), 2012 U.S. Dist. LEXIS 110241, at *5-6 (E.D.N.Y. Aug. 3, 2012).  Here, the charges were dismissed at arraignment, and, accordingly, plaintiff did not suffer any post-arraignment deprivations of liberty sufficient to support a denial of right to fair trial claim.

    C.  Failure to Intervene

Finally, as both named defendants were involved in plaintiff's arrest and the use of force he alleges, plaintiff cannot pursue a claim for failure to intervene.  Roberts, 2017 U.S. Dist. LEXIS 160979, at *30-31 (dismissing failure to intervene claim where named defendants were primary actors) (citing Jackson v. City of New York, 939 F. Supp. 2d 219, 232 (E.D.N.Y. 2013).  Plaintiff's testimony confirms that, while Sgt. Huang was the first to approach him, both Sgt. Huang and Officer Patrick were both simultaneously physically involved in Plaintiff's arrest.  Thus, plaintiff cannot pursue a claim for failure to intervene against either defendant.

Defendants respectfully request a pre-motion conference at the Court's convenience on their anticipated motion or, in the alternative that the Court endorse the following briefing schedule, and adjourn any pending deadlines *sine die*.  Plaintiff's counsel has consented to this schedule:

1. Defendants will file their motion on or before March 5, 2018;

2. Plaintiff will file his opposition, if any, on or before April 4, 2018; and

- 3 -

3. Defendants will file their reply on or before April 19, 2018.

Defendants thank the Court for its time and attention to this matter.

                    Sincerely,

                    /s/
                    Hannah V. Faddis
                    *Senior Counsel*
                    Special Federal Litigation Division

cc:   **VIA ECF**
      Cary London, Esq.
      *Attorney for Plaintiff*
      London Indusi LLP
      186 Joralemon Street, Suite 1202
      Brooklyn, NY 11201